**Robert LUHRSEN, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 15A01–0605–CR–198.

Court of Appeals of Indiana.

April 20, 2007.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Robert Luhrsen appeals his seventy-two-year sentence for Class A felony rape, Class B felony criminal confinement, and two counts of Class A misdemeanor resisting law enforcement. We affirm.

### Issues

Luhrsen raises one issue, which we restate as:

I.    whether the trial court properly sentenced him to enhanced consecutive sentences; and

II.    whether his seventy-two-year sentence is appropriate.

### Facts

Shortly before October 6, 2005, T.T. ended her romantic relationship with Luhrsen. In response, Luhrsen set himself on fire. Despite having ended their relationship, T.T. cared for Luhrsen's wounds. On October 6, 2005, Luhrsen and T.T. were taking a walk when he put a knife to her throat and pulled her behind a school. Luhrsen forced T.T. to take off her clothes and to have sex with him. Luhrsen then threatened to kill T.T. and her family.

Afterward, T.T. convinced Luhrsen she needed to use the restroom. She entered a gas station and called 911. Luhrsen left the gas station, and shortly thereafter he called 911 indicating that he was slitting his wrists. When the police arrived at Luhrsen's location, he ran away from them with a knife in his hand. Apparently, Luhrsen had slit his wrists. While at the hospital, Luhrsen made rude gestures and lunged at the investigating officer and had to be restrained. Luhrsen also tried to tie the cords from medical equipment around his neck.

On October 11, 2005, the State charged Luhrsen with two counts of Class A felony rape, one count of Class B felony criminal confinement, one count of Class C felony intimidation, and two counts of Class A

misdemeanor resisting law enforcement. The State also charged Luhrsen with being an habitual offender. On March 1, 2006, Luhrsen pled guilty to all of the charges except the habitual offender enhancement, which the State dismissed.

The trial court vacated one of the rape convictions and the intimidation conviction based on double jeopardy grounds. The trial court sentenced Luhrsen to fifty years on the rape conviction, twenty years on the criminal confinement conviction, and one year on each of the resisting law enforcement convictions. The trial court ordered the sentences to be served consecutively for a total sentence of seventy-two years. Luhrsen now appeals.

### Analysis

#### I. Enhanced Consecutive Sentences

Luhrsen argues that the trial court improperly sentenced him to enhanced consecutive sentences. He contends that pursuant to Indiana Code Section 35–50–2–1.3, only advisory sentences may be run consecutively. This section provides:

(a) For purposes of sections 3 through 7 of this chapter, "advisory sentence" means a guideline sentence that the court may voluntarily consider as the midpoint between the maximum sentence and the minimum sentence.

(b) Except as provided in subsection (c), a court is not required to use an advisory sentence.

(c) In imposing:

(1) consecutive sentences in accordance with IC 35–50–1–2;

(2) an additional fixed term to an habitual offender under section 8 of this chapter; or

(3) an additional fixed term to a repeat sexual offender under section 14 of this chapter;

a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional fixed term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.

I.C. § 35–50–2–1.3. The relevant portion of Indiana Code Section 35–50–1–2 provides in part:

(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:

(1) aggravating circumstances in IC 35–38–1–7.1(a); and

(2) mitigating circumstances in IC 35–38–1–7.1(b);

in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

When the language of a penal statute is susceptible to more than one interpretation, we must construe the statute in accord with the apparent legislative intent. *White v. State,* 849 N.E.2d 735, 742 (Ind. Ct.App.2006), *trans. denied.* "We strictly construe penal statutes against the State to avoid enlarging them beyond the fair meaning of the language used." *Id.* However, statutes are not to be construed so strictly that the interpretation defeats the

obvious or expressed intent of the legislature. *Id.* We presume that the legislature intended that the language be applied logically and that it not bring about an unjust or absurd result. *Id.*

In *White*, we considered the defendant's argument that Indiana Code Section 35–50–2–1.3 limited a trial court's ability to impose consecutive sentences and applied retroactively.[1] *White*, 849 N.E.2d at 741. We rejected this argument, concluding:

> when the General Assembly wrote "appropriate advisory sentence," it was referring to the total penalty for "an episode of criminal conduct," which, except for crimes of violence, is not to exceed "the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." *See* Ind.Code § 35–50–1–2(c). In other words, the advisory sentence for a felony which is one class of felony higher than the most serious of the felonies for which the person has been convicted is the "appropriate advisory sentence" for an episode of non-violent criminal conduct. Indiana Code § 35–50–1–2 in no other way limits the ability of a trial court to impose consecutive sentences. In turn, Indiana Code § 35–50–2–1.3, which references Indiana Code § 35–50–1–2, imposes no additional restrictions on the ability of trial courts to impose consecutive sentences, and therefore, is not ameliorative.

*White*, 849 N.E.2d at 743.

Another panel of this court has disagreed with the *White* conclusion. In *Robertson v. State*, 860 N.E.2d 621, 624–25 (Ind.Ct.App.2007), *trans. pending*, this court recently held:

> Our concern with the analysis in *White* is that (1) it renders the language in IC 35–50–2–1.3 surplusage since the consecutive sentencing statute, IC 35–50–1–2, clearly limits the total of the consecutive sentences for non-violent offenses to the advisory sentence for the next highest class of felony; and (2) nothing in the advisory sentencing statute, IC 35–50–2–1.3, limits its application to non-violent offenses. Although the *White* decision argues that the legislature could not have intended the results the statute is capable of generating, the argument is moot " '[w]hen the language of the statute is clear and unambiguous.' " *White*, 849 N.E.2d at 742–43 (quoting *Woodward v. State*, 798 N.E.2d 260, 262 (Ind. Ct.App.2003)), *trans. denied.* We hold that the advisory sentencing statute, IC 35–50–2–1.3, is clear and unambiguous and imposes a separate and distinct limitation on a trial court's ability to deviate from the advisory sentence for any sentence running consecutively. We further hold that the ameliorative nature of the statute must be extended to those individuals who committed an offense before the statute was in effect and were sentenced thereafter. *See Richards v. State*, 681 N.E.2d 208, 213 (Ind.1997).

Unless our supreme court instructs otherwise, we will follow with the conclusion reached in *White*. We do not believe the references to advisory sentences and consecutive sentencing in Indiana Code Section 35–50–2–1.3 is surplusage[2] to the "advisory sentence" language in Indiana Code

---

1. Because Luhrsen committed the offense on October 6, 2005, after Indiana Code Section 35–50–2–1.3 became effective on April 25, 2005, we need not discuss retroactivity.

2. We note that, like Indiana Code Section 35–50–1–2, the statute governing habitual offender enhancements also refers to "advisory sentence," further supporting our conclusion that the General Assembly used the term "advisory sentence" throughout the sentencing statutes so as to maintain consistency. *See* I.C. § 35–50–2–8(h).

Section 35–50–1–2. Instead, we consider the references to "advisory sentence" in Indiana Code Section 35–50–2–1.3(c) as consistent with the limitations on consecutive sentencing as set forth in Indiana Code Section 35–50–1–2. Those limitations do not apply here. Thus, it was within the trial court's discretion to sentence Luhrsen to enhanced consecutive sentences, and Luhrsen has not established an abuse of that discretion. *See White*, 849 N.E.2d at 743 ("The decision to impose consecutive sentences is generally within the trial court's discretion.").

## II. Appropriateness

Luhrsen also argues that the trial court did not properly consider his guilty plea and mental problems as mitigating circumstances, that consecutive sentences should not have been imposed, and that his sentence is inappropriate. Luhrsen committed these offenses after our legislature replaced the "presumptive" sentencing scheme with the present "advisory" sentencing scheme. We are awaiting guidance from our supreme court as to how, precisely, appellate review of sentences under the new "advisory" scheme should proceed and whether trial courts must continue issuing sentencing statements explaining the imposition of any sentence other than an advisory sentence. *See Gibson v. State*, 856 N.E.2d 142, 146–47 (Ind. Ct.App.2006). This court has split on the issue of whether such statements still *must* be issued. *Compare Fuller v. State*, 852 N.E.2d 22, 26 (Ind.Ct.App.2006), *trans. denied* (holding that trial court is under no obligation to find or weigh any aggravating or mitigating circumstances) *with McMahon v. State*, 856 N.E.2d 743, 749 (Ind.Ct.App.2006) (holding sentencing statements must be issued any time trial court deviates from advisory sentence).

■ Whether or not sentencing statements are required, it has been universally recognized that such statements are very helpful to this court in determining the appropriateness of a sentence under Indiana Appellate Rule 7(B). *Gibson*, 856 N.E.2d at 147. The trial court here did issue a sentencing statement, and we will utilize it "as an initial guide to determining whether the sentence imposed here was inappropriate." *Id.* Under Indiana Appellate Rule 7(B), we may revise a sentence that we conclude is inappropriate in light of the nature of the offense and the character of the offender. We do this while considering as part of that equation the findings made by the trial court in its sentencing statement. We understand that this is, by necessity, part of our analysis here, but it does not limit the matters we may consider. *See Gibson*, 856 N.E.2d at 149; *see also McMahon*, 856 N.E.2d at 750 (noting that review under Rule 7(B) is not limited "to a simple rundown of the aggravating and mitigating circumstances found by a trial court.").

■ As aggravating circumstances the trial court considered that there was a substantial risk that Luhrsen would commit future crimes, that the nature and circumstances of the offense were particularly disturbing based on Luhrsen's willingness to harm himself, and that Luhrsen had a "particularly serious criminal history."[3] App. p. 101. Luhrsen's criminal history includes convictions for theft, criminal trespass, disorderly conduct, three counts of lewd and lascivious act in the presence of a child under sixteen, written threats to kill/do bodily injury, failure to register as a sex offender, criminal recklessness, and driving under suspension. Luhrsen also has four juvenile adjudications.

**3.** Many of Luhrsen's criminal convictions occurred in other states.

Each of these aggravating circumstances is sufficient to warrant the imposition of consecutive sentences. *See Smylie v. State*, 823 N.E.2d 679, 686 (Ind.2005) ("When sentencing a defendant on multiple counts, an Indiana trial judge may impose a consecutive sentence if he or she finds at least one aggravator."), *cert. denied*, —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459. Luhrsen has not established that the trial court abused its discretion in doing so.

■ Regarding the mitigating circumstances, Luhrsen contends that the trial court did not adequately consider his guilty plea and alleged mental disorder. The finding of mitigating circumstances is within the trial court's discretion. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind.2005). A trial court need not weigh or credit the mitigating factors in the same manner as a defendant suggests; however, when a trial court fails to find a mitigator that the record clearly supports, a reasonable belief arises that the mitigator was improperly overlooked. *Id.*

■ Here, the trial court attributed "some weight" to the fact that Luhrsen pled guilty. App. p. 102. A defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return. *Cotto*, 829 N.E.2d at 525. However, the significance of this mitigating factor varies from case to case. *Hope v. State*, 834 N.E.2d 713, 718 (Ind.Ct.App. 2005). Luhrsen contends that his guilty plea "was not taken into account as he received no credit for it." Appellant's Br. p. 14. Upon review of the trial court's sentencing statement, however, it is clear that the trial court considered Luhrsen's guilty plea as mitigating when it gave such "some weight." App. p. 102.

■ Further, based on the Class A felony rape conviction, Luhrsen could have been sentenced to an additional thirty years for the habitual offender enhancement. *See* I.C. § 35–50–2–8(h). To the extent he argues his guilty plea is entitled to more mitigating weight, Luhrsen received a substantial benefit when the State dismissed the habitual offender enhancement in exchange for his guilty plea. His guilty plea is not entitled to substantial mitigating weight.

■ Luhrsen also argues that the trial court did not properly credit his mental problems as a mitigating circumstance. The trial court specifically considered Luhrsen's alleged bipolar disorder. It observed:

> no formal diagnosis has been presented to the Court.... This Court finds that the defendant's actions are unusual in this matter but also finds that his actions in harming the victim and himself are quite dangerous and significant. The Court finds that even if the Court were to determine that defendant was suffering from bipolar disorder, the extreme dangerous [sic] that he presents to others outweighs any possible mitigation that could arise from this condition.

App. p. 102. Further, at the guilty plea hearing, when Luhrsen was questioned whether he suffered from mental or emotional disability, he answered, "no." Guilty Plea Tr. p. 4. Given that Luhrsen's diagnosis was not substantiated to the trial court and that he appears to be very dangerous to himself and others, he has not established that his alleged mental disorder is worthy of mitigating weight.

■ In considering the aggravating and mitigating circumstances in terms of the nature of the offense and the character of the offender under Indiana Appellate Rule 7(B), we find Luhrsen's sentence to be appropriate. This offense involved the rape of his ex-girlfriend, who had been caring for his self-inflicted burn wounds, at knifepoint behind a school. Further,

Luhrsen has a fairly extensive criminal history, which includes a conviction for a sexual offense and a conviction for threatening to kill a judge. Despite his guilty plea, which was obtained in exchange for the State dropping a habitual offender enhancement, and his alleged mental disorder, Luhrsen was clearly willing to harm himself and others to get what he wanted. He has not established that his seventy-two-year sentence is inappropriate.

### Conclusion

It was within the trial court's discretion to sentence Luhrsen to enhanced consecu-tive sentences, and his sentence is appropriate given the nature of the offense and the character of the offender. We affirm.

Affirmed.

VAIDIK, J., concurs.

BAILEY, J., concurs in result.