# FOR PUBLICATION



**FILED**
Jul 01 2014, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1312-CR-1023 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William E. Young, Senior Judge
Cause No. 49F07-1309-CM-58029

**July 1, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

At approximately 2:30 AM on September 2, 2013, James Brown ran into a woman on the street because he was drunk and seemingly unaware of his surroundings. In this case, we are asked to determine whether or not his actions violated the Indiana public intoxication statute.

James Brown appeals his conviction for Class B misdemeanor public intoxication.[1] He contends that the evidence is insufficient to prove public intoxication because the State cannot demonstrate that he meets one of the four necessary conduct elements set forth in the statute. More specifically, he argues that he did not breach the peace and was not in imminent danger of breaching the peace. Notwithstanding his contention, the evidence demonstrates that Brown showed signs of intoxication, such as glassy and bloodshot eyes, a staggered walk, and the odor of alcohol. Moreover, he walked directly into a woman after exiting the combined entrance to Sky Bar/Caps and Dolls/Crackers Comedy Club in Indianapolis. As a result, the woman began to yell at him and attracted the attention of a nearby officer. This evidence is sufficient to prove public intoxication because Brown demonstrated signs of intoxication while he was in a public place, and he harassed, annoyed, or alarmed another person. Therefore, we affirm the judgment of the trial court.

FACTS

On September 2, 2013, Officer Joseph McAtee was standing on the sidewalk at the entrance of Sky Bar when he observed Brown exiting the bar. Brown walked out of

---

[1] Ind. Code §7.1-5-1-3(a).

the bar at a normal pace and ran directly into a woman who was standing in the middle of the sidewalk. The woman began to yell at Brown, so Officer McAtee approached them to stop the woman from yelling. He also told Brown to stop, but Brown ignored him and kept walking until he was stopped by Officer Jamal Bill approximately fifteen feet north of Officer McAtee.

When Officer McAtee approached Brown, he observed that Brown's eyes were "extremely glassy and bloodshot," and "[h]e smelled very strongly of alcohol." Tr. p. 14. Officer McAtee also noticed that Brown had a staggered walk and was distracted by the people passing by. As a result, Officer McAtee concluded that Brown was extremely intoxicated. Officer McAtee asked Brown for identification, but Brown refused to provide any. Based on his observations of Brown and the fact that Brown was intoxicated in an area that was crowded with people and subject to the occurrence of multiple fights late at night, Officer McAtee believed that Brown was endangering himself and others. Officer McAtee arrested Brown for public intoxication.

The State charged Brown with public intoxication as a class B misdemeanor. On November 14, 2013, a bench trial was held. The trial court denied Brown's motion for involuntary dismissal and found him guilty of public intoxication, concluding that he was intoxicated in public and in imminent danger of breaching the peace. The trial court sentenced Brown to two days in jail.

Brown now appeals.

DISCUSSION AND DECISION

When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), trans. denied. Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

In 2012, the General Assembly amended Indiana's public intoxication statute, which now provides that:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance. . . if the person:
>
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code §7.1-5-1-3(a). Therefore, in Indiana it is no longer a crime simply to be intoxicated in public; one of the four additional conduct elements must be proved as well.

Brown argues that the evidence failed to show that he was in imminent danger of breaching the peace when, without looking, he ran into a woman who was standing outside the bar. Appellant's Br. p. 5. He explains that this event occurred on a crowded sidewalk and that, despite the officers' efforts to keep the path clear, it was almost impossible to pass through. Id. Thus, Brown claims that the "unintentional act of running into a woman in a crowded space, even though she responded by yelling, is not

4

indicative of a breach of the peace." Id. While we agree with Brown that he did not breach the peace, we affirm the trial court's conviction based on the fact that he harassed, annoyed, or alarmed another person under Indiana Code section 7.1-5-1-3(a)(4). [2]

We first note that Brown does not argue that he was not in a public place, and the evidence shows that he was on a sidewalk off Meridian Street in downtown Indianapolis, a public place, when the officers observed his behavior. Similarly, Brown does not argue that he was not intoxicated, and the evidence demonstrates that he exhibited signs of intoxication, such as glassy and bloodshot eyes, a staggered walk, and the odor of alcohol, when he was apprehended.

Thus, the only element of the public intoxication statute at issue is whether Brown endangered himself or others, breached the peace or was in imminent danger of breaching the peace, or harassed, annoyed, or alarmed another person. We conclude that the State proved this additional conduct element as well. The trial court emphasized the section (a)(2) conduct element of the public intoxication statute in its decision, but the conviction is sustainable on section (a)(4), which is also included in the charging information. Appellant's App. p. 13.

The trial court decided Brown's actions constituted an imminent breach of the peace, explaining that he could have run into a man who would have hit him, not yelled at him. However, our Supreme Court has concluded that breaching the peace requires

---

[2] Although another panel of this Court declared section (a)(4) of the public intoxication statute unconstitutionally vague, this decision was vacated when our Supreme Court granted transfer on May 8, 2014. Morgan v. State, 4 N.E.3d 751 (2014), trans. granted.

either actual or threatened violence. Price v. State, 622 N.E.2d 954, 960 n.6 (Ind. 1993). See also Lemon v. State, 868 N.E.2d 1190, 1194 (Ind. Ct. App. 2007). In this case, we agree with Brown that his actions did not demonstrate violence or the threat of violence. Although Brown walked into a woman, he did not intentionally hit her or "stir up some sort of fight with her." Tr. p. 19.

However, the facts do demonstrate that Brown was harassing, annoying, or alarming another person per section (a)(4) of the public intoxication statute. According to Officer McAtee, Brown did not seem attentive to his surroundings. Id. at 14. Brown walked directly into a woman on the street, and she began yelling at him immediately. Id. at 10-11. As the trial court described the situation, "[it] was a little more than just a bumping into. He came out of the bar and ran into her and she went and got very upset enough to draw this officer's attention." Id. at 21. After running into the woman, Brown continued walking and ignored Officer McAtee's requests to stop. Id. at 14. The evidence, which demonstrates that Brown was entirely unaware of his surroundings and that the woman "start[ed] going berserk" after he walked into her, is enough to allow a reasonable trier of fact to infer that Brown harassed, annoyed, or alarmed the woman by bumping into her in his intoxicated state. Id. at 22.

Based on these facts, we cannot say that the evidence presented by the State is insufficient to allow a reasonable trier of fact to conclude that Brown was in a public place in a state of intoxication and endangered himself or other persons, breached the

6

peace, or harassed, annoyed, or alarmed another person.  Accordingly, we conclude that the evidence was sufficient to support Brown's conviction for public intoxication.

The judgment of the trial court is affirmed.

KIRSCH, J., and PYLE, J., concur.