**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COLTON MILAM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-998 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly Brown, Judge
The Honorable Patrick Murphy, Commissioner
Cause No. 49F07-1308-CM-55755

**August 11, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Colton Milam appeals his conviction for Class B misdemeanor public intoxication. We reverse.

## Issue

The sole issue is whether there is sufficient evidence to support Milam's conviction.

## Facts

On August 22, 2013, Indianapolis Metropolitan Police Officer Timothy Esteb was completing paperwork when he noticed an arm and an object hanging out the passenger's side window of a car, followed by the sound of shattering glass. Officer Esteb initiated a traffic stop of the car, approached the window, which was rolled down, and smelled the odor of alcohol. Michael Cunigan was in the driver's seat, Milam was in the front passenger seat, and Dustin Webb was in the rear passenger seat. Officer Esteb asked if anyone in the car had been drinking. Milam and Webb admitted that they were drinking, and Officer Esteb collected and ran all of their identification. Milam said, "this is bulls***," and stated that the bottle was thrown from a truck next to them. Tr. p. 8.

Milam began to argue with Webb and told him, "you know you better f******* tell the truth." Id at 9. A man passing by stopped to watch the dispute and was told to leave by Officer Esteb. Milam continued to argue with Webb and Officer Esteb described Milam as loud, boisterous, and uncooperative. Officer Esteb asked Milam to step out of the car and handcuffed him, stating that Milam was disrupting his investigation, was uncooperative, smelled of alcohol, was unsteady on his feet, and had slurred speech. The

State charged Milam with public intoxication, alleging that he "endangered his life, or the life of another person; breached the peace or was in imminent danger of breaching the peace; or harassed, annoyed, or alarmed another person." App. p. 13. After a bench trial, the trial court found Milam guilty by way of breaching the peace. Tr. pp. 29-30. Milam now appeals.

**Analysis**

Milam challenges the sufficiency of the evidence supporting his conviction of public intoxication, a Class B misdemeanor. When reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences therefrom supporting a guilty verdict or finding. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). We will neither assess witness credibility, nor reweigh the evidence to determine if it was sufficient to support a conviction. Id. Those roles are reserved exclusively for the finder of fact, not appellate courts. Id. We must consider only the evidence most favorable to the conviction and will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt. Id. "Reversal is appropriate only where reasonable persons would not be able to form inferences as to each material element of the offense." Naas v. State, 993 N.E.2d 1151, 1152 (Ind. Ct. App. 2013).

Although a sufficiency of evidence standard of review is deferential, it is not impossible to overcome, nor should it be. Our supreme court has observed that the Indiana Constitution guarantees "in all cases an absolute right to one appeal." Galloway v. State, 938 N.E.2d 699, 709 (Ind. 2010). An impossible standard of review under which appellate courts merely 'rubber stamp' the fact finder's determinations, no matter how

3

unreasonable, would raise serious constitutional concerns because it would make the right to an appeal illusory.

Milam was convicted of Class B misdemeanor public intoxication. In 2012, the General Assembly amended the public intoxication statute, defining the offense in part as follows:

> [I]t is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in I.C. 35-48-1-9), if the person:
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Ind. Code § 7.1-5-1-3(a). In the public intoxication statute's current iteration, the legislature amended the statute to add the four conduct elements to the definition of public intoxication so that it is no longer a crime to simply be intoxicated in public.

Prior to July 1, 2012, public intoxication required only proof that a person was intoxicated in a public place. See Christian v. State, 897 N.E.2d 503, 504 (Ind. Ct. App. 2008), trans. denied. Our supreme court has held that the purpose of the prior law was "to protect the public from the annoyance and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." State v. Sevier, 117 Ind. 338, 20 N.E. 245, 246 (1889). Although some cases have been decided under the amended language it is clear from the amendment that the legislature wanted to limit the scope of the public intoxication statute and did not intend simply being drunk in a public place to be a criminal offense, but intended to require some additional conduct. See Holbert

4

v. State, 996 N.E.2d 396, 402 (Ind. Ct. App. 2013). The additional elements promote public policy encouraging inebriated persons to avoid creating dangerous situations by walking, catching a cab, or riding home with a designated driver rather than driving while intoxicated.

Milam specifically challenges the trial court's finding that the evidence proved he endangered his life or the life of another person or breached the peace. "Whether conduct proscribed by a criminal law should be excused under certain circumstances on grounds of public policy is a matter for legislative evaluation and statutory revision if appropriate." Moore v. State, 949 N.E.2d 343, 345 (Ind. 2011). We strictly construe penal statutes against the State to avoid enlarging them beyond the fair meaning of the language used. Luhrsen v. State, 864 N.E.2d 452, 455-56 (Ind. Ct. App. 2007). Statutes, however, are not to be construed so strictly that the interpretation defeats the obvious or expressed intent of the legislature. Id. We presume that the legislature intended that the language be applied logically and that it not bring about an unjust or absurd result. Id.

Milam concedes that he was intoxicated in a public place. We believe, however, that reversing Milam's conviction in this case is consistent with the purpose and spirit of the current public intoxication statute. Prior to Milam's arrest there is no evidence to indicate that Milam endangered his life or the life of another or disturbed the peace. The trial court declined to determine who threw the bottle from the window and found that it was immaterial to the decision. The State alleged that Milam was speaking in a loud tone and caused attention to be drawn to the situation as evidenced by an individual stopping on a bicycle. The record, however, does not indicate that there was a clear nexus between the

5

individual stopping and the argument between Milam and Webb. Officer Esteb observed Milam arguing with Webb stating "f******* tell the truth" followed by "you'd better tell the truth." Tr. pp. 9, 11. There is no evidence in the record to infer that Webb was annoyed by this request. There also is no evidence to indicate that Officer Esteb felt threatened in anyway by Milam's statements.

In support of its argument, the State draws our attention to two recent decisions cited in the appellee's notice of additional authority: Thang v. State, No. 49S04-1402-CR-72 (Ind. June 27, 2014) and Brown v. State, 49A02-1312-CR-1023 (Ind. Ct. App. July 1, 2014). In Thang, our supreme court affirmed a conviction for public intoxication drawing inferences from circumstantial evidence to conclude that Thang operated a vehicle while intoxicated and endangered himself and the public. Thang, slip op. at 4. The court cited the sudden presence of Thang and his vehicle at a gas station, his intoxicated state, his possession of the car keys, and the need to tow his vehicle as evidence that he endangered the public. Id. Here, by contrast, there were no circumstantial facts to indicate that Milam was driving while intoxicated or created a hazard to endanger himself or the public. Milam was in the passenger seat, admittedly intoxicated, attempting to avoid blame for throwing a bottle out of a window.

In Brown, another panel of this court affirmed a conviction for public intoxication, finding that Brown harassed, annoyed, or alarmed another person. Brown, slip op. at 3. We reasoned that Brown walking into a woman standing in the middle of the sidewalk, causing her to yell at him, was sufficient to indicate that he was not entirely aware of his surroundings and harassed, annoyed, or alarmed the woman. Id. Here, by contrast, the

6

record does not indicate that Webb had any reactions when Milam stated "f******* tell the truth" followed by "you'd better tell the truth." Tr. pp. 9, 11. Therefore, there is no evidence to establish the inference that Webb was harassed, annoyed, or alarmed by Milam's statements.

Prosecuting and convicting Milam for being intoxicated, in a pulled-over car, while arguing with Webb or Officer Esteb does not reach the level of disturbing the peace, harassment, annoyance, or alarm and therefore does not meet the requirements of the public intoxication statute.

## Conclusion

There is insufficient evidence to sustain Milam's Class B misdemeanor conviction for public intoxication. We reverse.

Reversed.

BAKER, J., and CRONE, J., concur.