## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 25 2017, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel Massey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 25, 2017<br><br>Court of Appeals Case No.<br>49A02-1608-CR-1959<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>Trial Court Cause No.<br>49G08-1511-CM-39631 |

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Daniel Massey ("Massey") was convicted of Public Intoxication as a Class B misdemeanor.[1] Massey now appeals, raising the sole issue of whether the evidence is sufficient to support his conviction. We affirm.

# Facts and Procedural History

[2] On November 8, 2015, Officer Charles Ezell ("Officer Ezell") of the Speedway Police Department was dispatched to a White Castle around 4:30 a.m. because someone was locked inside a restroom. When Officer Ezell arrived, staff directed him to the women's restroom, which was still locked. Officer Ezell pounded on the door for several minutes with no response. Officer Ezell then had the Speedway Fire Department dispatched to open the door.

[3] Before the Speedway Fire Department arrived, Massey exited the restroom. Officer Ezell observed that Massey had bloodshot eyes, slurred speech, poor dexterity, and was unsteady on his feet. Massey began yelling and using profanity. He also said he was drunk and had consumed a lot of Hennessey.

---

[1] Ind. Code § 7.1-5-1-3(a)(4).

[4] While Massey was yelling, there were patrons and employees in the restaurant. One patron was eating, but stopped and walked over toward the commotion. Employees also approached the commotion. At one point, Officer Ezell saw someone come toward the restaurant door but leave without entering.

[5] Officer Ezell arrested Massey, and on November 8, 2015, the State charged Massey with two counts of public intoxication but one count was dismissed prior to trial. Following an August 3, 2016 bench trial, Massey was convicted.

[6] This appeal ensued.

# Discussion and Decision

[7] When reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor assess witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from that evidence. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We must affirm the conviction if there is "substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015).

[8] To convict Massey of public intoxication as charged, the State had to prove that Massey "harass[ed], annoy[ed], or alarm[ed] another person" while he was intoxicated in a public place. I.C. § 7.1-5-1-3(a)(4). We "read a reasonableness

standard into our public intoxication statute when analyzing the term 'annoys.'" *Morgan v. State*, 22 N.E.3d 570, 576 (Ind. 2014). That is, the conduct at issue "must have risen to the level that would annoy the reasonable person." *Id.* at 577.

[9] Massey concedes that he was intoxicated in a public place but challenges whether there was sufficient evidence that he harassed, annoyed, or alarmed another person. Massey directs us to *Milam v. State*, 14 N.E.3d 879 (Ind. Ct. App. 2014). There, the defendant was a passenger of a vehicle involved in a traffic stop. During the stop, the defendant was loud and argued with the driver. At one point, a bicyclist in the area stopped. In reversing the conviction, a panel of this Court noted that there was no "clear nexus between the individual stopping and the argument" between the defendant and the driver. *Milam*, 14 N.E.3d at 882. Moreover, because there was no evidence of the driver's reactions, the panel concluded that there was "no evidence to establish the inference" that the driver was harassed, annoyed, or alarmed. *Id.* at 883.

[10] Massey argues that, as in *Milam*, there is no clear nexus between Massey's loud interaction with law enforcement and the behavior of the individual who decided not to enter the restaurant. As to the restaurant patron and the staff, Massey argues that it is unreasonable to infer that they were annoyed or alarmed because someone who is annoyed or alarmed "would not normally approach the situation to watch more closely." (Appellant's Br. at 13.)

We disagree. Under these facts, the evidence supports the reasonable inference that the approaching staff and patron were annoyed or alarmed when Massey was intoxicated and yelling profanities in the restaurant. Moreover, a reasonable person would be annoyed or alarmed by such behavior. Accordingly, the evidence is sufficient to support Massey's conviction.

# Conclusion

There is sufficient evidence to support Massey's public intoxication conviction.

Affirmed.

Najam, J., and May, J., concur.