## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2017, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Elizabeth M. Littlejohn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tina Pace,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 29, 2017<br><br>Court of Appeals Case No.<br>49A02-1701-CR-153<br><br>Appeal from the Marion Superior Court<br><br>The Honorable David Certo, Judge<br>The Honorable David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G12-1602-CM-7290 |

**Barnes, Judge.**

### Case Summary

[1] Tina Pace appeals her conviction for Class B misdemeanor battery. We affirm.

## Issue

[2] The sole issue on appeal is whether there was sufficient evidence to support a conviction for Class B misdemeanor battery.

## Facts

[3] On February 23, 2016, Pace was charged with Class A misdemeanor battery resulting in bodily injury. A bench trial was held on December 28, 2016. During the trial, Pace moved for an involuntary dismissal of the Count I Class A misdemeanor battery charge.[1] The trial court granted this motion, and the State proceeded on the lesser-included offense of Class B misdemeanor battery. During the trial, Officer Cameron Taylor testified that he was dispatched to North Arsenal Avenue, in Indianapolis, to respond to a domestic disturbance between a male and a female. Officer Taylor stated that when he arrived Pace was standing outside of the house because she had decided to leave in an effort to avoid any further conflict. He testified that he saw an older male standing in the crack of the front doorway.[2] Officer Taylor testified that his car was parked about ten to twelve feet away from the front door and that his view of the incident was unobstructed. Officer Taylor then stated, "I saw [Pace] throw a bowl of food on the ground and rip the door open and then lower her shoulder

---

[1] The trial court determined that, without the victim's testimony, the State could not proceed with Class A misdemeanor battery.

[2] Officer Taylor later identified that man as W.S., Pace's uncle.

into the elderly male and force him to the ground." Tr. p. 7. When asked to describe the older male, Officer Taylor stated that, "[W.S.] was about a sixty-five year old male, disabled to a wheelchair, could hardly speak, [and was] very frail in nature." *Id.* at 8. Officer Taylor also testified that, "[Pace] put all of her weight into [W.S.], into his body, in front of me, I witnessed that." *Id.* at 16. When asked whether he thought the incident could have occurred accidentally, Officer Taylor stated, "No." *Id.*

[4] Pace testified that the incident occurred at her grandparents' house, where both she and W.S. were living at the time. Pace stated that on the day the incident occurred, "[she] came down to explain to the police what was going on with me and my uncle. He's made all kinds of false reports. . . .And me and him had got into a little argument about I was paying for my room and I was being disturbed by his company." *Id.* at 26. Pace testified that she wanted to get her purse before leaving the house, but W.S. refused to open the door. Pace stated that she was attempting to pull the door open and because W.S. was handicapped, "he couldn't get his balance and that's how he fell." *Id.* at 28.

[5] The trial court found Pace guilty of Class B misdemeanor battery and sentenced Pace to one-hundred and eighty days all suspended to probation. The trial court also ordered Pace to complete thirty-two hours of community service work and to have no further contact with W.S. Pace now appeals.

## Analysis

[6]    Pace argues that there was insufficient evidence to sustain a conviction for Class B misdemeanor battery because she contends, "the incident happened by either purely accidental means or by [W.S's] own action," and because her testimony regarding the incident conflicted with that of Officer Taylor's. Appellant's Br. p. 7. When reviewing the sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Milam v. State,* 14 N.E.3d 879, 881 (Ind. Ct. App. 2014). If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the judgment will not be disturbed. *Id.* This court considers only the evidence most favorable to the judgment and all reasonable inferences drawn therefrom. *Id.* "Reversal is appropriate only where reasonable persons would not be able to form inferences as to each material element of the offense." *Id.*

[7]    At the time Pace was convicted, Indiana Code Section 35-42-2-1(b)(1) required the State to prove beyond a reasonable doubt that Pace knowingly or intentionally touched W.S. in a "rude, insolent, or angry manner." The facts most favorable to the trial court's ruling showed that, Pace forcefully opened a door, lowered her shoulder and, using all her weight, pushed W.S., knocking him to the ground. Officer Taylor testified that the force used was similar to a "pendulum swing." Tr. p. 16. The trial court was entitled to weigh the evidence presented, and was under no obligation to credit Pace's testimony, over Officer Taylor's. *See McCullough v. State,* 985 N.E.2d 1135, 1139 (Ind. Ct. App. 2013) *trans. denied.* Based on the evidence presented, a reasonable trier of fact could conclude Pace committed battery when she pushed W.S. Pace's

argument invites this court to reweigh the evidence presented, which we cannot do.

## Conclusion

[8] The State presented sufficient evidence to sustain Pace's conviction for Class B misdemeanor battery. We affirm.

[9] Affirmed.

Baker, J., and Crone, J., concur.