## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2015, 9:07 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Alan L. Whitted
Alex R. Whitted
Whitted Law, LLC.
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carol D. Geis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 9, 2015

Court of Appeals Case No.
03A01-1409-CR-385

Appeal from the Bartholomew
Superior Court
The Honorable Kathleen Tighe
Coriden, Judge
The Honorable Joseph W. Meek,
Magistrate
Case No. 03D02-1401-CM-449

**Crone, Judge.**

## Case Summary

[1] Carol D. Geis appeals her conviction for failure to stop after an accident resulting in damage to property other than a vehicle, a class B misdemeanor.

She challenges the sufficiency of the evidence to support her conviction. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

On November 26, 2013, shortly before 7:00 a.m., Geis began driving her bus route and picking up students for the Flat Rock-Hawcreek School Corporation in Bartholomew County. During the route, around 7:31 a.m., Geis backed her school bus over a stop sign at the corner of County Roads 500 North and 600 East, causing significant damage to the sign. The students on the bus felt the impact and immediately alerted Geis that she had struck something. Geis stopped the bus momentarily and briefly exited to survey the damage. She returned onto the bus and told the kids to sit down and shut up. Geis drove away from the scene, continued the bus route, and proceeded to school, arriving shortly before 8:00 a.m. After all students were off the bus, Geis drove the bus to the bus parking area, parked the bus, and left.

School officials became aware of the accident upon hearing students talking about it when they arrived at school. Some students on the bus had been in contact with their parents, and a few parents telephoned the school corporation to report the accident. Superintendent Dr. Kathy Griffey asked her secretary to contact Geis and have her come to the school corporation office. After Geis came to the office, Dr. Griffey instructed her to write a summary of the accident. Dr. Griffey called the Indiana State Police and the Bartholomew County Highway Department to report the accident. School officials obtained

the video recording of the morning's events from Geis's bus recorder and submitted it to police.

[4] The State charged Geis with class B misdemeanor failure to stop after an accident resulting in damage to property other than a vehicle. Following a bench trial, the trial court found Geis guilty as charged. This appeal ensued.

## Discussion and Decision

[5] When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the conviction. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We do not assess witness credibility or reweigh evidence. *Id*. Rather, we consider only the evidence most favorable to the trial court ruling and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence will be deemed sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).

[6] Indiana Code Section 9-26-1-4[1] provides,

> (a) The driver of a motor vehicle that causes damage to the property of another person, other than damage to a vehicle, shall do the following:

---

[1] We note that this statute was repealed effective January 1, 2015. However, because Geis committed her crime in November 2013, we cite to the law in effect at that time.

(1) Immediately stop the motor vehicle at the scene of the accident or as close to the accident as possible in a manner that does not obstruct traffic more than is necessary.

(2) Immediately return to and remain at the scene of the accident until the driver does the following:

> (A) Takes reasonable steps to locate and notify the owner or person in charge of the property of the damage.

> (B) Gives the person the driver's name and address and the registration number of the motor vehicle.

> (C) Upon request, exhibits the driver's license of the driver.

(b) If after reasonable inquiry the driver of the motor vehicle cannot find the owner or person in charge of the damaged property, the driver of the motor vehicle shall do the following:

(1) Notify either the sheriff's department of the county in which the damaged property is located or a member of the state police department.

(2) Give the sheriff's department or state police department the information required by this section.

A person who knowingly or intentionally fails to stop or comply with Indiana Code Section 9-26-1-4 after causing damage to the property of another person commits a class B misdemeanor. Ind. Code § 9-26-1-8.[2]

[7] The evidence most favorable to the conviction reveals that, while driving her morning bus route, Geis backed her school bus over a stop sign, causing significant damage to the sign. Geis stopped the bus only momentarily to survey the damage, and then she quickly left the scene of the accident,

---

[2] This statute was also repealed effective January 1, 2015.

continued with her bus route, and then to school. Geis made no effort to notify anyone about the accident or the damage caused to the stop sign. She did not report the accident to state or local authorities and she did not notify school officials about the accident when it happened or when she arrived at school. School officials did not learn about the accident until they later heard students at school talking about it. This evidence is sufficient to support Geis's conviction for class B misdemeanor failure to stop after an accident resulting in damage to property other than a vehicle. Geis's sole argument on appeal is an invitation for us to reweigh the evidence and reassess witness credibility in her favor. As those are tasks not within our prerogative on appeal, we must decline the invitation and affirm the conviction.

[8] Affirmed.

Friedlander, J., and Kirsch, J., concur.