## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 17 2015, 8:41 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimmerly A. Klee
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# I N T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jon Donovan,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 17, 2015<br><br>Court of Appeals Case No.<br>49A05-1503-CR-86<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina R. Klineman, Judge<br><br>Trial Court Cause No.<br>49G17-1411-F6-50373 |

**Crone, Judge.**

# Case Summary

Jon Donovan appeals his conviction for level six felony domestic battery, following a bench trial. The sole issue raised for our review is whether the State presented sufficient evidence to support the conviction. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

The facts most favorable to the conviction indicate that, at the time of the incident in question, Donovan and Lindsey Kinnard had been in a romantic relationship for approximately eight years. In October 2014, the couple resided together in an apartment in Marion County. At approximately 5:30 a.m. on October 31, Kinnard awoke and went into the kitchen to get something to drink. The noise caused Donovan, who had fallen asleep on a loveseat in the living room, to also wake up. As Kinnard walked back to the bedroom, Donovan followed her. He was angry at her for failing to wake him to come to bed the previous night, so he began yelling at her. He placed his hand over her mouth as he yelled. He then grabbed her by the wrists and told her to "get the eff out." Tr. at 27. Kinnard's wrists were "kind of tangled up and [she] was fighting a little bit, and it hurt and … [she] fell to the ground." *Id*. at 27-28. Donovan then picked her up and pushed her. Kinnard hit the doorjamb and fell into the hallway. Kinnard suffered pain and bruises. On November 1, 2014, Kinnard called police to report the incident. Donovan was subsequently arrested.

[3] The State charged Donovan with level 6 felony strangulation, class A misdemeanor domestic battery, level 6 felony criminal confinement, and class A misdemeanor battery resulting in bodily injury. The State dismissed the strangulation and criminal confinement charges prior to trial. A bench trial was held on January 15, 2015. The trial court found Donovan guilty of battery and domestic battery. Thereafter, in exchange for the dismissal of the battery charge, Donovan agreed to the enhancement of the domestic battery to a level 6 felony based upon his prior conviction for domestic battery. Consequently, the trial court entered judgment of conviction for one count of domestic battery as a level 6 felony. This appeal followed.

## Discussion and Decision

[4] Donovan challenges the sufficiency of the evidence to support his conviction for level 6 felony domestic battery. When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the conviction. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We do not assess witness credibility or reweigh evidence. *Id*. Rather, we consider only the evidence most favorable to the trial court's ruling and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence will be deemed sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[5]     Indiana Code Section 35-42-2-1.3(a)(2) provides that a person who knowingly or intentionally touches an individual who is or was living as if a spouse of the other person, in a rude, insolent, or angry manner that results in bodily injury to the individual, commits domestic battery, a class A misdemeanor. The offense becomes a level 6 felony if the person who committed the offense has a previous, unrelated conviction under this section. Ind. Code § 35-42-2-1.3(b). In considering whether a person "is or was living as a spouse of another individual for purposes of subsection (a)(2)," the court shall review:

> (1) the duration of the relationship;
> (2) the frequency of the contact;
> (3) the financial independence;
> (4) whether the two (2) individuals are raising children together;
> (5) whether the two (2) individuals have engaged in tasks directed toward maintaining a common household; and
> (6) other factors the court considers relevant.

Ind. Code § 35-42-2-1.3(c).

[6]     Here, Donovan asserts that the evidence was insufficient to establish that he and Kinnard were living as if spouses or that Kinnard suffered bodily injury as a result of the battery. The facts most favorable to the conviction indicate that Kinnard and Donovan had been in a romantic relationship for approximately eight years. Kinnard testified that the couple had always resided together during that eight-year period except for when Donovan was incarcerated and during very brief periods when they broke up. Kinnard testified that any of their separations were "not for very long" and they definitely lived together

"more often than not." Tr. at 17. Kinnard testified that on the date of the battery, she and Donovan lived together in an apartment in Marion County. She stated that the apartment was the couple's "only residence" and that they lived in the apartment along with their pet of over two years, a dog named "Max." Tr. at 19.

[7] We have held that the factors listed in Indiana Code Section 35-42-2-1.3(c) do not serve as a litmus test, and that the "character of the relationship" is the decisive consideration in determining whether the domestic battery statute applies. *Williams v. State*, 798 N.E.2d 457, 461 (Ind. Ct. App. 2003). Indeed where, as here, the couple is cohabiting and engaged in an ongoing romantic relationship, "a court would not need undertake further analysis." *See id*. The State presented sufficient evidence to support the trial court's conclusion that Kinnard was living "as if a spouse" of Donovan for purposes of Indiana Code Section 35-42-2-1.3(a)(2).

[8] Regarding bodily injury, pursuant to statute it includes "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. No particular level of pain is required, as physical pain is, in and of itself, an impairment of physical condition. *Bailey v. State*, 979 N.E.2d 133, 138 (Ind. 2012). Kinnard testified that Donovan followed her into the bedroom and began to yell at her. She described how he grabbed her by the wrists, that "it hurt," and that she fell to the ground. Tr. at 27-28. She stated that Donovan then picked her back up and pushed her out the bedroom door. She hit the doorjamb and landed in the hallway. Kinnard testified that, as a result of the

incident, she suffered pain and bruising on her hip, her legs, and especially her shoulder. The investigating police officer also testified that he personally observed bruises on Kinnard. This evidence is sufficient to establish that Donovan knowingly or intentionally touched Kinnard in a rude, insolent, or angry manner that resulted in bodily injury to her.

[9] Donovan's sole argument on appeal is that there was "conflicting" evidence regarding the couple's relationship and whether Kinnard suffered any bodily injury as a result of the battery. Appellant's Br. at 9. Donovan merely invites us to assess witness credibility and reweigh the evidence in his favor, which we may not do. The State presented sufficient evidence to support Donovan's domestic battery conviction. Therefore, we affirm.

[10] Affirmed.

May, J., and Bradford, J., concur.