## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, PC
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Russell A. Prosser, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 23, 2015 <br><br> Court of Appeals Case No. 50A05-1502-CR-51 <br><br> Appeal from the Marshall Superior Court <br><br> The Honorable Michael W. Reed, Special Judge <br><br> Trial Court Cause No. 50D02-1312-FB-76 |

**Crone, Judge.**

## Case Summary

Russell A. Prosser, Jr., appeals his convictions for eleven criminal counts following two separate jury trials.[1] He contends that the trial court abused its discretion in admitting a witness's in-court identification of him and that the evidence is insufficient to support his convictions. Finding that Prosser has waived his challenge to the in-court identification and that the evidence is sufficient, we affirm.

## Facts and Procedural History

A summary of the convoluted factual background of this case is as follows. On December 8, 2013, Ed Quella returned from work to his Culver home shortly after 10:00 p.m. Quella noticed that the motion detector light for his garage had been activated. When Quella looked out his window, he saw a person, approximately his height and wearing a white hooded coat or hoodie, walk from his property into a neighbor's yard. Quella called the Culver Academy Security Department. He spoke with a security officer who then directed him to the Culver Police Department ("CPD"). Quella reported what he saw to CPD Officer Troy Ulch. Officer Ulch responded to the scene.

Quella informed Officer Ulch that he saw the person in the white hoodie travel north. Officer Ulch began following footprints in the snow which led between various residences, to several garages, to a business, and to the driver's side of

---

[1] Prosser was additionally found to be a habitual offender.

four different cars at one residence and two additional cars parked in the street. Officer Ulch surmised that the individual leaving the trail of footprints was checking car doors to see if they were unlocked.

[4] Officer Ulch continued searching and eventually encountered Cole Flora standing outdoors next to his vehicle. Flora, a resident of Quella's neighborhood, reported to Officer Ulch that he had been sitting inside his vehicle smoking a cigarette, when he observed a man in a white hooded sweatshirt approach his car. The man, later identified as Prosser, appeared to be trying to look through the tinted windows to see if anyone or anything was inside. When Flora opened his car door, Prosser jumped back. Flora spoke to Prosser and told him that his behavior was "very sketchy." Tr. Vol. I at 51. When Flora inquired about what Prosser was doing, Prosser told Flora that he was just "running from his old lady." *Id*. Shortly after Prosser walked away, Officer Ulch came down Flora's street with the spotlight on his police vehicle illuminated. Flora flagged Officer Ulch down, reported his encounter with Prosser, and pointed Officer Ulch in the direction that Prosser had fled.

[5] Officer Ulch followed more footprints and quickly came upon a man in a white hoodie who was carrying a bag thrown over his shoulder. When Officer Ulch asked the man in the white hoodie if he could speak to him, the man took off running. Officer Ulch chased the man but eventually lost sight of him after the man climbed and jumped over a fence. Several police officers arrived at the scene and started going door to door at an apartment complex around the area where the man was last spotted. One resident reported that a tan pickup truck

equipped with a ladder rack, that he had never seen before, had been parked outside all evening and that he observed a person enter the truck and leave the complex while the officers were searching. The resident reported that the person in the truck was wearing a hood. Officer Ulch returned to the fence that the man he was chasing had climbed and found numerous items strewn about in the snow. Officer Ulch photographed and collected the items.

[6] At approximately 4:30 a.m. on December 9, 2013, Marshall County Police Officer Nicholas Laffoon observed a tan pickup truck equipped with a ladder rack in the parking lot of a McDonald's restaurant in La Paz. The vehicle's engine was running and Prosser, who was wearing a white hoodie, was asleep in the driver's seat. Believing that this truck was relevant to an investigation being conducted by the CPD, Officer Laffoon began taking pictures. Among other things, Officer Laffoon observed a .22 caliber rifle located in the bed of the truck. Officer Laffoon woke Prosser and quickly asked him whose rifle was in the truck bed. Prosser, apparently fully aware of the presence of the firearm, simply stated that the rifle was owned by his roommate. Other officers who arrived on the scene asked Prosser if they could see the bottom of his boots. The pattern on the bottom of Prosser's boots appeared to match the footprints left earlier all around the Culver neighborhood.

[7] After running a criminal background check on Prosser, officers arrested him for being in possession of a firearm. Officers then obtained a search warrant for the truck. Officers found a flintlock pistol under the driver's seat and additional items that belonged to a resident of the Culver neighborhood. Later that day,

CPD took several reports from residents of the Culver neighborhood claiming that they were missing items from their cars. The State charged Prosser with sixteen criminal counts which included two counts of class B felony unlawful possession of a firearm by a serious violent felon, one count of class D felony receiving stolen property, one count of class A misdemeanor resisting law enforcement, six counts of class D felony theft, and six counts of class B misdemeanor unauthorized entry of a vehicle.

[8] On September 3, 2014, the trial court granted Prosser's motion for severance requesting separate trials on the firearm possession charges and the other charges. The first jury trial on was held on October 28-29, 2014. The jury found Prosser guilty of class D felony receiving stolen property, class A misdemeanor resisting law enforcement, four counts of class D felony theft, and four counts of class B misdemeanor unauthorized entry of a vehicle. The second jury trial was held on February 18, 2015. The jury found Prosser guilty of unlawful possession of a firearm by a serious violent felon regarding the .22 caliber rifle and not guilty of unlawful possession of a firearm by a serious violent felon regarding the flintlock pistol. The jury also found Prosser to be a habitual offender. This appeal followed.

# Discussion and Decision

## Section 1 – Prosser's challenge to the trial court's admission of Flora's in-court identification is waived.

[9] Prosser first asserts that the trial court abused its discretion in admitting Flora's in-court identification of Prosser as the individual dressed in a white hoodie whom he observed and spoke with outside his car on December 8, 2013. Specifically, Prosser contends that Flora's in-court identification was tainted because the procedure employed by the police during a pretrial identification was unduly suggestive. Our review of the record reveals that Prosser did not object to Flora's in-court identification of him. As a result, Prosser's claim is waived.[2] *See Miles v. State*, 764 N.E.2d 237, 239 (Ind. Ct. App. 2002) (holding that defendant's claim regarding inadmissibility of in-court identification due to impermissibly suggestive pretrial identification tactics was waived because defendant failed to lodge contemporaneous objection to in-court identification), *trans. denied*.

---

[2] Waiver notwithstanding, as observed by the State, Flora merely identified Prosser as the same individual in the white hooded sweatshirt whom he encountered, spoke with, and accused of acting "sketchy" on the night in question. Tr. Vol. I at 51. Flora did not testify that he saw Prosser commit any crime. Rather, his testimony simply placed Prosser in the vicinity of the crimes and explained how the police began investigating Prosser's possible involvement. In light of the substantial evidence linking Prosser to the crimes, any error in the admission of Flora's identification would have been harmless. *See Ransnick v. State*, 2 N.E.3d 17, 27 (Ind. Ct. App. 2013) (an error in the admission of evidence is disregarded as harmless if there is substantial independent evidence of guilt satisfying reviewing court that there is no substantial likelihood that the challenged evidence contributed to the conviction), *trans. denied* (2014).

## Section 2 – Sufficient evidence supports Prosser conviction for unlawful possession of a firearm by a serious violent felon.

[10]    Prosser next challenges the sufficiency of the evidence to support his conviction for class B felony unlawful possession of a firearm by a serious violent felon regarding the .22 caliber rifle.[3] When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the conviction. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We do not assess witness credibility or reweigh evidence. *Id*. Rather, we consider only the evidence most favorable to the verdict and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence will be deemed sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).

[11]    Indiana Code Section 35-47-4-5(c) provides that a serious violent felon who knowingly or intentionally possesses a firearm commits class B felony unlawful possession of a firearm by a serious violent felon. Prosser concedes that he is a serious violent felon as defined by Indiana Code Section 35-47-4-5(a), and challenges only the sufficiency of the evidence regarding the element of possession.

---

[3] As noted earlier, Prosser was found not guilty of class B felony unlawful possession of a firearm by a serious violent felon regarding the flintlock pistol found in the truck.

[12] Possession of a firearm can be actual or constructive. *Tate v. State*, 835 N.E.2d 499, 511 (Ind. Ct. App. 2005), *trans. denied*. Actual possession occurs when a person has direct and physical control over the firearm, and constructive possession occurs when a person has the intent and capability to maintain control over the firearm. *Id*. When the State cannot show actual possession, a conviction may rest on proof of constructive possession. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011).

[13] To prove the intent element of constructive possession, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Perry v. State*, 956 N.E.2d 41, 61 (Ind. Ct. App. 2011). Knowledge may be inferred from the exclusive dominion and control over the premises containing the contraband. *Id*. The capability requirement is met when the State shows that the defendant is able to reduce the contraband to the defendant's personal possession. *Id*. As acknowledged by Prosser, this Court has previously noted five types of evidence that the State may use to demonstrate constructive possession of a firearm, namely, (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; and (5) the mingling of a firearm with other items owned by the defendant. *Deshazier v. State*, 877 N.E.2d 200, 206 (Ind. Ct. App. 2007), *trans. denied* (2008).

[14] Here, Prosser's exclusive dominion and control of the vehicle in which the rifle was found is undisputed. He was the sole occupant of the truck, and he was found asleep in the driver's seat while the truck's engine was still running.

Although some items were piled above the rifle in the truck bed, the firearm was located just a few feet behind Prosser and was clearly visible and accessible from outside the truck. When awakened and questioned by police officers, Prosser immediately admitted that he was fully aware of the presence of the rifle but simply claimed that it belonged to his roommate. Finally, two witnesses testified regarding incriminating statements that Prosser made to them in which he bragged that he had brought the rifle with him in the truck for use during a drug deal but that he did not believe that the State could prove his possession of the rifle.

[15] From this evidence and the reasonable inferences arising therefrom, a reasonable trier of fact could conclude both that Prosser had knowledge of the presence of the rifle and that the rifle could readily be reduced to his personal possession. Accordingly, a reasonable factfinder could find beyond a reasonable doubt that Prosser constructively possessed the rifle. The State presented sufficient evidence to support his conviction for class B felony unlawful possession of a firearm by a serious violent felon.

## Section 3 – Sufficient evidence supports Prosser's remaining convictions.

[16] In an extremely cursory manner, Prosser challenges the sufficiency of the evidence to support his remaining ten convictions. Indiana Appellate Rule 46(A)8(a) requires the argument section of a brief to contain the contentions of the appellant on the issues presented supported by cogent reasoning and citations to the authorities, statutes, and the appendix or parts of the record on

appeal relied on. Indeed, an appellate brief should not only present issues to be decided on appeal, but it should also be of material assistance to the court in deciding those issues. *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012), *trans. denied*. Prosser has failed in this regard. His arguments are neither crime-specific nor especially cogent, which is troubling here because he is challenging ten different convictions involving different crimes and victims. Nevertheless, we can summarize his bald assertions as an overall request for this Court to reweigh the evidence in his favor which we will not do. *See Morgan*, 22 N.E.3d at 573. Therefore, we affirm his convictions.

[17] Affirmed.

May, J., and Bradford, J., concur.