## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 21 2016, 8:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Marion County Public Defender
Indianapolis, Indiana

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DeAndre Jordan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 21, 2016

Court of Appeals Case No.
49A05-1602-CR-284

Appeal from the Marion Superior Court.
The Honorable Linda E. Brown, Judge.
Cause No. 49G10-1507-CM-026142

**Barteau, Senior Judge**

# Statement of the Case

DeAndre Jordan appeals his conviction of disorderly conduct, a Class B misdemeanor.[1]  We affirm.

# Issue

The sole issue Jordan raises for our review is whether there is sufficient evidence to support his conviction.

# Facts and Procedural History

On July 25, 2015, around 2:00 a.m., Michael Leepper, then an officer with the Indianapolis Metropolitan Police Department (IMPD) was sent to Hyde Bar, located in downtown Indianapolis, in response to a report of a fight at the bar. When the officer arrived, he observed a "chaotic" scene and a "heated disturbance," where security staff and several IMPD officers were trying to eject a large group of people from the bar and prevent the individuals from fighting each other.  Tr. p. 8.  Jordan was one of the individuals who had been ejected from the bar.  When the officer arrived, he observed Jordan screaming, cursing, and pushing other individuals.

Officer Leepper approached Jordan and attempted to separate him from the group.  The officer testified that as he was engaging Jordan, he noticed an individual, later determined to be Jordan's friend, try to start a fight with a

---

[1] Ind. Code § 35-45-1-3(a)(1) (2014).

group of women. Jordan's friend was subdued by IMPD officers and stunned with a stun gun.

[5] After seeing his friend stunned, Jordan charged at the officers in an angry manner. Officer Leepper attempted to block Jordan's path, ordered Jordan to "get back," and shouted that he was going to spray Jordan with pepper spray. *Id.* at 10. Jordan tried to elude the officer by running around a police car. Despite Jordan's efforts, the officer was able to lean over the back of the police car where a fellow officer was attempting to subdue yet another individual, push the officer's head away from the pepper spray stream, and spray Jordan with pepper spray. Jordan was approximately three feet away from the officers he charged at when he was sprayed by Officer Leepper.

[6] Jordan was arrested and charged with disorderly conduct as a Class B misdemeanor. Following a bench trial, Jordan was found guilty as charged. Jordan now appeals.

# Discussion and Decision

[7] Jordan argues that there was insufficient evidence to support his conviction of disorderly conduct because the State failed to prove he engaged in fighting or tumultuous conduct.

[8] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment, without reweighing the evidence or reassessing witness credibility. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We affirm if there is

substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[9] To convict Jordan of disorderly conduct, the State was required to prove he recklessly, knowingly, or intentionally engaged in fighting or in tumultuous conduct. Ind. Code § 35-45-1-3(a)(1). Tumultuous conduct is defined as conduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property. Ind. Code § 35-45-1-1 (1977).

[10] Officer Leepper testified that when he arrived at the bar, he encountered a chaotic scene of approximately fifty people and that some of the individuals were actively engaged in a "heated disturbance" that "appeared to be a fight that was . . . being . . . broken apart." Tr. p. 8. He saw several people, including Jordan, screaming, cursing, and pushing each other. He observed Jordan react to his friend being stunned and then attempt to charge a group of police officers in an angry manner. Officer Leepper ordered Jordan to "get back" several times and warned him that he would be sprayed with pepper spray if he did not comply. *Id.* at 10. Jordan ignored the officer's warning and attempted to elude the officer. When Officer Leepper sprayed Jordan with pepper spray, Jordan was within three feet of the officers at whom he charged.

[11] The trier of fact could have reasonably concluded that the way in which Jordan charged at police officers was likely to cause the officers serious bodily injury.

We will not second-guess the trier of fact's determination. The evidence is sufficient to sustain Jordan's conviction for disorderly conduct.

## Conclusion

[12] For the reasons stated above, we affirm the trial court.

[13] Affirmed.

[14] Bradford, J., and Altice, J., concur.