## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 9:28 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Chandra Karis Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry Owens, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 29, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1505-CR-339 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Linda E. Brown, Judge <br><br> Trial Court Cause No. <br> 49G10-1412-CM-56405 |

**Najam, Judge.**

# Statement of the Case

Larry Owens appeals his two convictions for public intoxication, both as Class B misdemeanors. Owens presents two issues for our review, which we restate as follows:

> 1. Whether the State presented sufficient evidence to show that he harassed, annoyed, or alarmed another person while Owens was intoxicated in a public place; and
>
> 2. Whether the trial court's entry of conviction on both charges violated his right to be free from double jeopardy.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

On December 28, 2014, Indianapolis Metropolitan Police Department Officer Charles Tice responded to a call from a manager of a Waffle House restaurant. Upon arriving at the restaurant, Officer Tice approached the manager, who informed Officer Tice that he had asked an employee, Owens, to leave the restaurant, but Owens had refused. During this conversation, Owens "kept trying to tell [Officer Tice] what was going on . . . ." Tr. at 8. Officer Tice observed that Owens "was a little unsteady on his feet and when he tried to interject himself he had slurred speech." *Id.* Officer Tice also observed that "there was a smell of an intoxicating or alcoholic beverage that became worse as [Owens] slurred his speech . . . ." *Id.* And Owens had "glossed over[,] blood[-]shot eyes." *Id.*

[4] After speaking with the manager, Officer Tice spoke with Owens in the restaurant's parking lot and instructed Owens to leave the premises. Owens then walked about twenty to twenty-five feet away from Officer Tice. Officer Tice "thought we were done," but Owens then "balled his fist up . . . and said something" directed at Officer Tice. *Id.* at 12. Officer Tice could not understand what Owens was saying, but Owens was "shaking" his fist at Officer Tice and speaking to him in a "loud," "angry," and "forceful sounding" voice. *Id*. at 12, 20. Customers of the Waffle House "were coming in and out . . . and trying not to pay any attention" to the incident. *Id.* at 13. Officer Tice then arrested Owens.

[5] The State charged Owens with two counts of public intoxication, both as Class B misdemeanors. Count I alleged that Owens had committed Class B misdemeanor public intoxication when he was intoxicated in a public place and "was harassing, annoying[,] or alarming" others. Appellant's App. at 11. Count II alleged that Owens had committed Class B misdemeanor public intoxication when he was intoxicated in a public place and "breached the peace or was in imminent danger of breaching the peace." *Id.* After a bench trial, the court found Owens guilty as charged and entered judgment of conviction against Owens on both counts. The court then sentenced Owens to concurrent 180-day terms. This appeal ensued.

# Discussion and Decision

## *Issue One: Sufficiency of the Evidence*

We first consider Owens' argument on appeal that the State failed to present sufficient evidence to support Count I, public intoxication, as a Class B misdemeanor, for having harassed, annoyed, or alarmed another person while Owens was intoxicated in a public place.[1] Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E .2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations and internal quotation marks omitted).

In order to prove public intoxication, as alleged in Count I, the State was required to show beyond a reasonable doubt that Owens was in a public place in a state of intoxication and Owens harassed, annoyed, or alarmed another

---

[1] As discussed below, the State concedes that the trial court's entry of conviction against Owens on both Count I and Count II violated Owens' double jeopardy rights. As such, we need not consider Owens' additional argument that the State failed to present sufficient evidence to support its charge under Count II.

person. Ind. Code § 7.1-5-1-3(a)(4) (2012). Owens does not dispute that he was in a public place while intoxicated. Rather, he questions only whether the State demonstrated that he harassed, annoyed, or alarmed another person. As our supreme court has recently explained: "Indiana has historically recognized that the purpose of the public intoxication statute is to protect the public from the annoyance and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." *Morgan v. State*, 22 N.E.3d 570, 576 (Ind. 2014) (internal emphasis and quotation marks omitted). To determine whether one harasses, annoys, or alarms another person, we consider whether a reasonable person under the circumstances would have felt harassed, annoyed, or alarmed by the defendant's behavior. *Id.* at 577 n.10.

[8]     In *Brown v. State*, 12 N.E.3d 952, 954-55 (Ind. Ct. App. 2014), *trans. denied*, we held as follows:

> the facts do demonstrate that Brown was harassing, annoying, or alarming another person per section (a)(4) of the public intoxication statute. According to Officer McAtee, Brown did not seem attentive to his surroundings. Brown walked directly into a woman on the street, and she began yelling at him immediately. As the trial court described the situation, "[it] was a little more than just a bumping into. He came out of the bar and ran into her and she went and got very upset enough to draw this officer's attention." After running into the woman, Brown continued walking and ignored Officer McAtee's requests to stop. The evidence, which demonstrates that Brown was entirely unaware of his surroundings and that the woman "start[ed] going berserk" after he walked into her, is enough to allow a reasonable trier of fact to infer that Brown harassed, annoyed, or alarmed the woman by bumping into her in his intoxicated state.

(Internal citations omitted; alterations in original.)

[9] Similarly here, Owens arrived to work intoxicated. He refused to leave when his manager told him to do so. When Officer Tice arrived and spoke to the manager, Owens, obviously intoxicated, repeatedly attempted to interject himself into the conversation. After Officer Tice persuaded Owens to leave the premises, Owens, from about twenty to twenty-five feet, balled up his fist and shook it at Officer Tice. He then began to angrily yell at Officer Tice. Although Officer Tice could not understand what Owens was saying, Owens was loud enough to attract the attention of customers going to and from the Waffle House, and those customers were, as Officer Tice observed, "trying not to pay attention" to Owens. Tr. at 13. A trier of fact was free to conclude that, on those facts, a reasonable person would have felt harassed, annoyed, or alarmed by Owens' behavior. As such, we affirm his conviction under Count I.

### Issue Two: Double Jeopardy

[10] Owens next asserts that the entry of judgment against him on both Count I and Count II violated his right to be free from double jeopardy under Indiana law. Although the State disagrees with the grounds on which Owens bases his argument on appeal, the State concedes Owens' conclusion that the entry of judgment against him on both Count I and Count II violated Owens' right to be free from double jeopardy under the actual evidence test of Article 1, Section 14 of the Indiana Constitution. *See Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999); *see also* Appellee's Br. at 11 n.4, 14 ("since these distinct facts supporting the separate counts were not parsed out for the trier of fact during closing

argument, an actual evidence issue exists, and the State acknowledges that remand would be appropriate.").  Having reviewed the record, we agree with the State's concession and rationale.  As such, we reverse Owens' conviction for public intoxication as charged under Count II, and we remand with instructions that the trial court vacate its judgment of conviction against Owens under that count.

[11]    Affirmed in part, reversed in part, and remanded with instructions.


Riley, J., and May, J., concur.